

11-5019-cr
USA v. Casimiro

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

1    At a stated term of the United States Court of Appeals for the Second Circuit, held at the
2    Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the
3    16th day of December, two thousand thirteen.
4
5    PRESENT:
6
7        DEBRA ANN LIVINGSTON,
8        GERARD E. LYNCH,
9        RAYMOND J. LOHIER, Jr.,
10               *Circuit Judges*.
11   _____
12   UNITED STATES OF AMERICA,
13
14               *Appellee*,
15        -v.-                                              No. 11-5019-cv
16
17   JOSE M. NUNEZ, PEDRO T. ROLFFOT, MANNY A. JIMENEZ,
18               *Defendants*,
19   RAFAEL CASIMIRO,
20               *Defendant-Appellant*.
21   _____
22                                    JESSE M. SIEGEL, New York, *for Defendant-*
23                                    *Appellant*.
24                                    EDWARD Y. KIM, MICHAEL A. LEVY, Assistant United States
25                                    Attorneys, *for* Preet Bharara, United States Attorney *for* the
26                                    Southern District of New York, New York, NY, for Appellee.

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED.**

In a one-count Indictment filed on March 9, 2010, Defendant–Appellant Rafael Casimiro ("Casimiro") was charged with conspiring to distribute, and possess with intent to distribute, 500 grams or more of cocaine in violation of Title 21, United States Code, Section 846. Following a jury trial, Casimiro was convicted of the sole count in the Indictment. On November 14, 2011, Judge Buchwald conducted a *Fatico* hearing, *see generally United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), at the conclusion of which she sentenced Casimiro to a term of 72 months' imprisonment to be followed by five years' supervised release, and a mandatary $100 special assessment. This appeal followed. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

\*   \*   \*

On appeal, Casimiro does not challenge his conviction. Instead, Casimiro challenges only his sentence on the grounds that it was procedurally unreasonable. Specifically, Casimiro asserts that the district court's finding of fact, crediting Giovani Gonzalez's testimony and rejecting Casimiro's testimony at the *Fatico* hearing, led the Court erroneously to: (i) deny Casimiro safety-valve relief pursuant to 18 U.S.C. § 3553(f); (ii) hold him responsible for between five and fifteen kilograms of cocaine for purposes of calculating his base offense level pursuant to U.S.S.G. § 2D1.1; and (iii) deny him credit for accepting responsibility pursuant to U.S.S.G. § 3E1.1. Casimiro argues that the district court committed clear error when it credited Gonzalez's testimony over his. Upon a review of the record we find that the district court's finding was amply supported by the evidence and thus we find no clear error.

The district court need only find disputed facts relevant to sentencing determinations by a preponderance of the evidence. *See United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005). We review a district court's finding of facts made after a *Fatico* hearing for clear error. *See United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005). Clear error will be found only where 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks omitted). "'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *United States v. Chalarca*, 95 F.3d 239, 244 (2d Cir. 1996) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)). In particular, we "give a district court's findings as to the credibility of witnesses strong deference." *United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002) (internal quotation marks omitted).

There was sufficient evidence in the record that we cannot say it was error, much less clear error, for the district court to credit Gonzalez's testimony over Casimiro's testimony. As the district court observed, Casimiro's testimony was "internally inconsistent" while Gonzalez's testimony was "much more coherent." For example, Casimiro claimed that prior to April 28, 2009, he had been involved in only four drug deals, the last of which occurred nearly a year prior to the April 28, 2009 transaction. Yet, despite testifying that he had completed only four deals the last of which was nearly a year earlier, Casimiro admitted that he had $36,000 in cash at his home on April 28, 2009. Casimiro implausibly explained that he kept this money at home because he liked to have it with him to use at clubs and on vacation, even though he admitted that he would only need "two, three hundred bucks" at any given time for the purposes he mentioned. Casimiro then seemed to change his story and explained that he held onto the cash in case Gonzalez offered him an opportunity to

participate in a new drug deal. The district court acted well within its discretion in concluding that the more plausible explanation for why Casimiro had so much cash on hand was, as Gonzales described, Casimiro was a more active drug dealer than he admitted. In contrast to Casimiro's testimony, Gonzalez's testimony–as the district court found–was "much more coherent." This alone is sufficient for us to conclude that the district court's finding was not clearly erroneous.

In any event, where there are two possible views of the evidence and the result turns on the credibility of witnesses, we afford the district court strong deference. The district court's decision to credit Gonzalez's testimony and reject Casimiro's testimony was supported by the record and we cannot say it was clearly erroneous. With this factual finding affirmed, there is no dispute that the district court correctly denied Casimiro safety-valve relief, denied him credit for acceptance of responsibility, and held him accountable for more than five kilograms of cocaine in calculating his Guidelines offense level.

We have reviewed Casimiro's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit